UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE OF FLORIDA,

       Plaintiff,

v.

XAVIER BECERRA, Secretary of Health and Human Services, in his official capacity; HEALTH AND HUMAN SERVICES, ROCHELLE WALENSKY, Director of the Centers for Disease Control and Prevention, in her official capacity; CENTERS FOR DISEASE CONTROL AND PREVENTION; The UNITED STATES OF AMERICA, et al.

       Defendants.
_____/

Case No. 8:21-cv-839-SDM-AAS

## MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF ON BEHALF OF THE AMERICAN SOCIETY OF TRAVEL ADVISORS, INC.

The American Society of Travel Advisors, Inc., by and through undersigned counsel, moves for leave to file the accompanying *amicus curiae* brief in the above-captioned matter.

**I.    INTEREST OF AMICUS**

The American Society of Travel Advisors, Inc. ("ASTA") is a § 501(c)(6) not-for-profit organization whose primary purpose is to facilitate the business of selling travel through effective representation, shared knowledge and the enhancement of professionalism. Established in 1931, ASTA is the world's leading association of travel advisors (more commonly referred to as travel agents), representing agencies of all sizes, from the smallest home-based independent advisors to storefront retail agencies to travel management companies such as CWT and BCD Travel, as well as the largest household-name online travel agencies such as Expedia. ASTA's

membership, over 14,000 strong currently, also includes travel suppliers, including airlines, hotels, car rental companies, cruise lines and tour operators, among others. Travel advisors directly support over 86,000 cruise line jobs in the U.S. and more than 700,000 jobs in the travel sector as a whole. As of 2019, they collectively accounted for an annual payroll output of $5.5 billion and annual revenues of $17.7 billion.

A substantial majority of ASTA's travel advisor members sell leisure travel, either primarily or exclusively, and this is representative of the travel advisor industry as a whole. For these advisors, the income derived from the sale of cruises, whether in the form of commissions paid by the cruise lines or service fees received from clients who book cruises, comprises a substantial portion of their total revenue from business operations. For this reason, the Defendants' actions over the last fourteen months have had, and continue to have, a catastrophic economic impact on tens of thousands of travel advisors throughout the United States, approximately 91 percent of whom reside or do business *outside* the State of Florida. It follows then that the movant, as the representative body for the travel advisor industry as a whole, has a plain and compelling interest in the outcome of this case.

**II.     THIS COURT HAS INHERENT AUTHORITY TO ACCEPT AMICUS BRIEFS**

Federal district courts have the inherent authority to grant leave to file amicus briefs. In *In re Bayshore Ford Truck Sales, Inc.*, the court explained,

> Unlike the Supreme Court Rules and the Federal Rules of Appellate Procedure, the Federal Rules of Civil Procedure do not specifically provide for the filing of amicus curiae briefs at the district court level. Nevertheless, district courts possess the inherent authority to appoint "friends of the court" to assist in their proceedings.

471 F.3d 1233, 1249 n.34 (11th Cir. 2006).

*Amicus curiae* serve for the benefit of the court, "assisting the court in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Newark Branch, NAACP v. Town of Harrison, N.J.*, 940 F.2d 792, 808 (3d Cir. 1991), quoting *Alexander v. Hall*, 64 F.R.D. 152, 155 (D.S.C. 1974) (citations omitted). Because ASTA represents the interests of travel advisors everywhere, the movant can assist the court in assessing the impact of the Defendants' actions on an entire industry nationwide.

In *State v. United States Department of Health and Human Services, et al.*, the court, in considering whether to accept a number of motions to intervene as amici, stated that "an amicus brief should normally be allowed when ... the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide," 2010 U.S. Dist. LEXIS 152369, quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997). Again, it is respectfully submitted that because ASTA represents travel advisors everywhere – and not only in the State of Florida – the movant is able to provide a unique perspective that counsel for the litigants likely will not.

**III.    THE PROPOSED BRIEF WILL PROVIDE THE COURT WITH A BROADER ANALYSIS OF THE ECONOMIC AND NON-ECONOMIC IMPACT OF THE DEFENDANTS' ACTIONS**

It is appropriate for the Court to accept the brief on behalf of the proposed amicus given the general public interest in the Defendants' conduct in continuing the outright prohibition on cruise travel and the various other ongoing restrictions with respect to travel more generally. Plainly, the outcome of this case will affect far more Americans than just the 159,000 Floridians

whose livelihoods are tied in one way or another to the cruise industry. Indeed, they represent but a small percentage of those impacted by the Defendants' actions when viewed in strictly economic terms. That being said, the impact goes well beyond the economic, as this case raises broader and concerns about the freedom of individuals to travel as they see fit and infringes upon their fundamental rights. This aspect is particularly worthy of the Court's serious consideration given that the Defendants, as administrative agencies, have been largely unchecked and are, for all intents and purposes, unaccountable for the consequences of their actions. Should ASTA be permitted to intervene as an amicus, it will provide a broader analysis of the situation from the perspective of both the industry outside of Florida as well as the traveling public at large.

For the foregoing reasons, ASTA respectfully requests that it be granted leave to file the accompanying *amicus curiae* brief.

## LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g), undersigned counsel has conferred with counsel for the all interested parties and Xavier Becerra, Secretary of Health And Human Services, in his official capacity; Health and Human Services, Rochelle Walensky, Director of the Centers for Disease Control and Prevention, in her official capacity; Centers for Disease Control and Prevention and the United States of America object to the relief sought in this Motion. All parties have indicated they do not object to the relief sought in this Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of May 2021, the foregoing document was filed via electronic filing using the CM/ECF system, which sent e-mail notification of such filing to all CM/ECF participants and via electronic mail on all counsel or parties of record on the attached Service List.

Respectfully submitted,

By: */S/ Eric J. Stockel*
**ERIC J. STOCKEL, ESQUIRE**
Florida Bar No. 188905
EStockel@sbsblaw.com

**SCHOUEST, BAMDAS, SOSHEA & BENMAIER, PLLC**
*Local Counsel for ASTA*
750 Park of Commerce Boulevard
Suite 301
Boca Raton, FL 33487
(561) 990-1699 – Phone
(561) 283-3383 – Facsimile

- and -

**PETER. N. LOBASSO, ESQUIRE** (*pro hac vice* pending)
Virginia Bar No. 66348
plobasso@asta.org
**American Society of Travel Advisors, Inc.**
675 N. Washington Street, Suite 490
Alexandria, VA 22314
Telephone: (703) 739-6854
Facsimile: (703) 684-8319

# SERVICE LIST

### United States District Court for the Middle District of Florida

*State of Florida v. Becerra, et al.*

*Case No. 8:21-cv-839-SDM-AAS*

**James Hamilton Percival, II, Esq.**
**Anita J. Patel, Esq.**
**Jason H. Hilborn, Esq**.
Office of the Florida Attorney General
PL-01, The Capitol
Tallahassee, FL 32399
Emails: James.percival@myfloridalegal.com, Anita.Patel@myfloridalegal.com, and jason.hilborn@myfloridalegal.com

*Attorneys for Plaintiff State of Florida*

**David S. Harvey , Jr., Esq.**
Lewis Brisbois Bisgaard & Smith
401 E. Jackson Street Suite 3400
Tampa, FL 33602
Email: david.harvey@lewisbrisbois.com

**Kimberly Fuchs**
Office of the Attorney General of Texas
Administrative Law Division
300 W. 15th Street
Austin, TX 78701
Email: kimberly.fuchs@oag.texas.gov

**Ryan G. Kercher**
Office of the Attorney General
PO Box 12548, Capital Station (MC 019)
Austin, TX 78711
Email: ryan.kercher@oag.texas.gov

*Attorneys for Intervenor State of Texas*

**Amy Powell, Esq.**
DOJ-Civ
150 Fayetteville St., Suite 2100
Raleigh, NC 27601
Email: amy.powell@usdoj.gov, eric.beckenhauer@usdoj.gov and liam.c.holland@usdoj.gov

*Attorney for Defendants Xavier Becerra, Department of Health and Human Services, Rochelle Walensky, Centers for Disease Control and Prevention and United States of America*

**Edward Wenger, Esq.**
Hopping, Green & Sams
119 S. Monroe St., Suite 300
Tallahassee, FL 32301-1591
Email: edw@hgslaw.com

**Jessica M. Alloway, Esq.**
State of Alaska
1031 W. 4th Avenue, Ste 200
Anchorage, AK 99501
Email: jessie.alloway@alaska.gov

**Lael A. Harrison, Esq.**
State of Alaska
P.O. Box 110300
Juneau, AK 99811
Email: lael.harrison@alaska.gov

*Attorneys for Intervenor State of Alaska*

**Marc S. Young, Esq.**
PO Box 1693
Sealy, TX 77474

*Pro se*