UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| STATE OF FLORIDA,<br><br>        Plaintiff<br><br>        v.<br><br>XAVIER BECERRA, Secretary of the Dep't of Health and Human Services, *et al.*,<br><br>        Defendant. | Case No. 8:21-cv-839-SDM-AAS |

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO ASTA'S MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF

### INTRODUCTION

Defendants respectfully oppose the motion of the American Society of Travel Advisors, Inc. (ASTA) for leave to file a brief in support of Plaintiff's Motion for a Preliminary Injunction for the following reasons.[1]

(1)    Although neither the Federal Rules of Civil Procedure nor the Local Rules of this court provide for the filing of amicus briefs, the court has "inherent authority" to accept them, in the "sole" discretion of the court. *United States v. Santiago-Ruiz*, No. 17-cr-60022, 2017 WL 11454398, at *1 (S.D. Fla. Dec. 4, 2017);

---

[1] ASTA's motion notes inaccurately "All parties have indicated they do not object to the relief sought in this Motion." That appears to be a simple editing error, as the previous sentence ends with "the [CDC] and the United States of America object to the relief sought in this Motion." *See* ECF No. 42, at 4. In fact, all Defendants objected to the untimely filing of an amicus brief.

1

*Federal Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500 (S.D. Fla. 1991). In the absence of default amicus procedures, district courts have found Rule 29 of the Rules of Appellate Procedure "instructive." *Fla. by & through McCollum v. HHS*, No. 3:10-CV-91-RV/EMT, 2010 WL 11570635, at *1 (N.D. Fla. June 14, 2010), and "often look for guidance to Rule 29," *Wash. Gas Light Co. v. Prince George's Cnty. Council*, No. 08-967, 2012 WL 832756, at *3 (D. Md. Mar. 9, 2012). Under Rule 29, an amicus generally "must file its brief . . . no later than 7 days after the principal brief of the party being supported is filed." Fed. R. App. P. 29(e). Moreover, a district court generally grants amicus curiae status where: "(1) the petitioner has a 'special interest' in the particular case; (2) the petitioner's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case." *Conservancy of Sw. Fla. v. U.S. Fish & Wildlife Serv.*, No. 2:10-CV-106-FTM-SPC, 2010 WL 3603276, at *1 (M.D. Fla. Sept. 9, 2010).

(2) Here, movant seeks to file in support of Plaintiff's motion for a preliminary injunction, filed on April 22, 2021. Yet movant did not approach the parties about a proposed amicus brief until May 11, 2021 and did not file its proposed amicus brief until May 12, 2021 — more than a week after the deadline under Rule 29, and well after Defendants had already responded to Plaintiffs' principal brief.  Indeed, the proposed amicus brief was filed during the ongoing hearing on the preliminary injunction motion, at which point there was no opportunity for Defendants to respond.  Nor has ASTA demonstrated that it

2

otherwise has an unrepresented special interest in the matter, that it is impartial, or that its brief is timely and useful.

(3)   Defendants would not have opposed the filing of an amicus brief tied to the filing of the parties' principal briefs, as contemplated by Rule 29, and did not oppose the amicus filings appearing on the docket at ECF Nos. 19, 21. The participation of additional amici at this stage in the proceedings, however, would unduly complicate the briefing and resolution of the pending motion. Moreover, movant offers no explanation for its delay here.

For the foregoing reasons, the Court should deny ASTA's motion for leave to file an amicus curiae brief.

Dated: May 14, 2021

Respectfully submitted,

BRIAN D. NETTER
Deputy Assistant Attorney General

ERIC BECKENHAUER
Assistant Branch Director
Federal Programs Branch, Civil Division

*s/ Amy E. Powell*
AMY ELIZABETH POWELL
Senior Trial Counsel
Federal Programs Branch
Civil Division, Department of Justice
150 Fayetteville St, Suite 2100
Raleigh, NC 27601
Phone: 919-856-4013
Email: amy.powell@usdoj.gov

*/s/ Liam C. Holland*
LIAM C. HOLLAND
Trial Attorney
Federal Programs Branch

Civil Division, Department of Justice
1100 L. Street, NW
Washington, DC 20530
Phone: 202-514-4964
Email: Liam.C.Holland@usdoj.gov

*Counsel for Defendants*