**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

STATE OF FLORIDA,

Plaintiff,

v.

XAVIER BECERRA, Secretary of Health and Human Services, in his official capacity; HEALTH AND HUMAN SERVICES, ROCHELLE WALENSKY, Director of the Centers for Disease Control and Prevention, in her official capacity; CENTERS FOR DISEASE CONTROL AND PREVENTION; The UNITED STATES OF AMERICA, et al.

Case No. 8:21-cv-839-SDM-AAS

Defendants.
______________________________/

**AMERICAN SOCIETY OF TRAVEL ADVISORS, INC.'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF**

The American Society of Travel Advisors, Inc. ("ASTA"), by and through undersigned counsel and pursuant to Rule 3.01(d) of the Local Rules for the Middle District of Florida, respectfully moves for leave to file a five-page Reply in Support of its Motion for Leave to File an *Amicus Curiae* Brief [DE42] ("Motion for Leave to File *Amicus Curiae* Brief") in the above-captioned matter and, in support thereof, states as follows:

1. On May 12, 2021, ATSA filed its Motion for Leave to File an *Amicus Curiae* Brief [DE42] on behalf of its more than 14,000 travel advisor members

regarding the Defendants' actions over the last fourteen months which have had, and continue to have, a catastrophic economic impact on tens of thousands of travel advisors throughout the United States, approximately 91 percent of whom reside or do business *outside* the State of Florida.

2. Thereafter, on May 14, 2021, Defendants filed their Memorandum in Opposition to ASTA's Motion for Leave to File *Amicus Curiae* Brief [DE49] ("Memorandum in Opposition"), asserting that ASTA's Motion for Leave to File *Amicus Curiae* Brief is both untimely[1] and does not demonstrate that ASTA otherwise has an unrepresented special impartial interest in the matter.[2]

3. ASTA seeks leave pursuant to Rule 3.01(d) of the Local Rules for the Middle District of Florida, to file its Reply to Memorandum in Opposition to further demonstrate to this Court why, as the representative body for the travel advisor industry as a whole, ASTA has timely demonstrated has a plain and compelling interest in the final outcome of this case.

---

[1] *See* Defendants' Memorandum in Opposition [DE49], at pg. 2.

[2] *Id.* at pages 2-3. It should be noted that the Defendants do not provide any explanation as to why or how ASTA has not demonstrated that it otherwise has an unrepresented special impartial interest in the matter, other than making a blanket statement asserting same. In fact, Defendants state that they "would not have opposed the filing of an amicus brief tied to the filing of the parties' principal briefs" had ASTA done so at an earlier date. *Id.* at pg. 3 (emphasis added). As such, ASTA respectfully asserts that Defendants primarily oppose the Motion for Leave to File *Amicus Curiae* Brief based on alleged untimeliness.

4. Both the Federal Rules of Civil Procedure and this Court's Local Rules lack a specific provision addressing when an amicus brief may be filed at the trial level in district court. In their Memorandum in Opposition, Defendants rely upon Rule 29 of the Federal Rules of Appellate Procedure and assert that an amicus generally "must file its brief . . . no later than 7 days after the principal brief of the party being supported is filed." *See* Defendants' Memorandum in Opposition, at pg. 2, *citing* Fed. R. App. P. 29(e). However, this provision of Federal Rules of Appellate Procedure governs the filing of amicus briefs in cases on appeal, and as the Defendants admit, are only "instructive" and not controlling at the trial court level. *Id.*

5. Rather, federal district courts have the inherent authority to appoint *amici curiae,* or "friends of the court," to assist it in a proceeding. "The decision whether to allow a non-party to participate as an *amicus curiae* is solely within the broad discretion of the Court." *Leal v. Sec'y, U.S. Dept. of Health & Human Services*, 6:08-CV-1062-ORL-22G, 2009 WL 1148633, at *1 (M.D. Fla. Apr. 28, 2009), *citing Dejulio v. Georgia*, 127 F.Supp.2d 1274, 1284 (N.D. Ga. 2001) (*citing Resort Timeshare Resales, Inc. v. Stuart*, 764 F.Supp. 1495, 1500 (S.D. Fla.1991) (denying real estate association's motion to intervene in a proceeding, but permitting it to file an amicus brief); *Ellsworth Assocs., Inc. v. United States*, 917 F.Supp. 841, 846 (D.D.C. 1996)). "Inasmuch as an *amicus* is not a party and 'does

not represent the parties but participates only for the benefit of the court, it is solely within the discretion of the court to determine the fact, extent, and manner of participation by the *amicus*.'" *News and Sun–Sentinel Co. v. Cox,* 700 F.Supp. 30, 31 (S.D. Fla. 1988) (citations omitted). Several courts have approved the use of such appearances in lieu of intervention. *See Resort Timeshare Resales, Inc.*, 764 F. Supp. at 1501, *citing Piedmont Paper Products, Inc. v. American Financial Corp.,* 89 F.R.D. 41, 45 (S.D. Ohio 1980); *Athens Lumber Co., Inc. v. Federal Election Comm'n,* 690 F.2d 1364, 1367 (11th Cir.1982) (upon denying motion to intervene, court suggested that "the proper course of action may be to file a motion for leave to file an *amicus* brief"). "Participation as *amicus curiae* will alert the court to the legal contentions of concerned bystanders, and because it leaves the parties free to run their own case, is the strongly preferred option." *Resort Timeshare Resales, Inc.*, 764 F. Supp. at 1500, *citing Bethune Plaza, Inc. v. Lumpkin,* 863 F.2d 525, 532 (7th Cir.1988).

6. In this matter, ASTA represents the interests of travel advisors everywhere, and can assist the court in assessing the impact of the Defendants' actions on an entire travel industry nationwide. "An amicus brief should normally be allowed when … the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *State v. United States Department of Health and Human Services, et al.*, 2010 U.S. Dist.

---

LEXIS 152369, *quoting Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997). It is again respectfully submitted that because ASTA represents travel advisors everywhere – and not only in the State of Florida – the movant is able to provide a unique perspective that counsel for the litigants likely will not. Should ASTA be permitted to intervene as an amicus, it would provide a broader analysis of the situation from the perspective of both the industry outside of Florida as well as the traveling public at large.

WHEREFORE, the American Society of Travel Advisors, Inc. respectfully requests that this Court grant this Motion for Leave to File its Reply in Support of its Motion for Leave to File an *Amicus Curiae* Brief, and for such other relief this Court deems just and proper.

**LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), undersigned counsel has conferred with counsel for all interested parties and can represent that there are no objections to the relief sought in herein.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of May 2021, the foregoing document was filed via electronic filing using the CM/ECF system, which sent e-mail notification of such filing to all CM/ECF participants and via electronic mail on all counsel or parties of record on the attached Service List.

Respectfully submitted,

By: /S/ Eric J. Stockel

**ERIC J. STOCKEL, ESQUIRE**
Florida Bar No. 188905

---

EStockel@sbsblaw.com
**SCHOUEST, BAMDAS, SOSHEA & BENMAIER, PLLC**
*Local Counsel for ASTA*
750 Park of Commerce Boulevard
Suite 301
Boca Raton, FL 33487
(561) 990-1699 – Phone
(561) 283-3383 – Facsimile

- and -

**PETER. N. LOBASSO, ESQUIRE** (*pro hac vice*)
Virginia Bar No. 66348
plobasso@asta.org
**American Society of Travel Advisors, Inc.**
675 N. Washington Street, Suite 490
Alexandria, VA 22314
Telephone: (703) 739-6854
Facsimile: (703) 684-8319

---

**SERVICE LIST**

**United States District Court for the Middle District of Florida**

***State of Florida v. Becerra, et al.***

***Case No. 8:21-cv-839-SDM-AAS***

**James Hamilton Percival, II, Esq.**
**Anita J. Patel, Esq.**
**Jason H. Hilborn, Esq.**
Office of the Florida Attorney General
PL-01, The Capitol
Tallahassee, FL 32399
Emails:
James.percival@myfloridalegal.com,
Anita.Patel@myfloridalegal.com, and
jason.hilborn@myfloridalegal.com

*Attorneys for Plaintiff State of Florida*

---

**Amy Powell, Esq.**
DOJ-Civ
150 Fayetteville St., Suite 2100
Raleigh, NC 27601
Email: amy.powell@usdoj.gov,
eric.beckenhauer@usdoj.gov and
liam.c.holland@usdoj.gov

*Attorney for Defendants Xavier Becerra, Department of Health and Human Services, Rochelle Walensky, Centers for Disease Control and Prevention and United States of America*

---

**David S. Harvey , Jr., Esq.**
Lewis Brisbois Bisgaard & Smith
401 E. Jackson Street Suite 3400
Tampa, FL 33602
Email: david.harvey@lewisbrisbois.com

**Kimberly Fuchs**
Office of the Attorney General of Texas
Administrative Law Division
300 W. 15th Street
Austin, TX 78701
Email: kimberly.fuchs@oag.texas.gov

**Ryan G. Kercher**
Office of the Attorney General
PO Box 12548, Capital Station (MC 019)

**Edward Wenger, Esq.**
Hopping, Green & Sams
119 S. Monroe St., Suite 300
Tallahassee, FL 32301-1591
Email: edw@hgslaw.com

**Jessica M. Alloway, Esq.**
State of Alaska
1031 W. 4th Avenue, Ste 200
Anchorage, AK 99501
Email: jessie.alloway@alaska.gov

**Lael A. Harrison, Esq.**
State of Alaska
P.O. Box 110300
Juneau, AK 99811

Austin, TX 78711
Email: ryan.kercher@oag.texas.gov

*Attorneys for Intervenor State of Texas*

Email: lael.harrison@alaska.gov

*Attorneys for Intervenor State of Alaska*

**Marc S. Young, Esq.**
PO Box 1693
Sealy, TX 77474
Email: marc.young.pe@gmail.com
*Pro se*