UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE OF FLORIDA,

    Plaintiff,

v.                                                CASE NO. 8:21-cv-839-SDM-AAS

XAVIER BECERRA, et al.,

    Defendants.
_____/

## ORDER

(a) <u>Referral to Mediation</u>: This action is referred to mediation. **Joseph H. Varner III**, 100 North Tampa Street, Suite 4100, Tampa, FL 33602, (813) 227-6703, is the mediator.

(b) <u>Conduct of Mediation</u>: The mediator must conduct the mediation in accord with this order and the Local Rules. Compliance with this order is not satisfied by any other attempt by the parties to resolve this matter through mediation or by another mechanism for dispute resolution.

(c) <u>Scheduling Mediation</u>: The parties must mediate no later than **JUNE 1, 2021**.

(d) <u>Designation and Responsibility of Lead Counsel</u>: **James H. Percival** is designated as lead counsel and must consult both the mediator and other counsel to coordinate the day and time of the mediation. Within **TWO** days after this order,

lead counsel must file a notice of mediation that states the agreed day and time of mediation. When the notice is filed, the agreed day for the mediation replaces the deadline in paragraph (c).

(e) <u>Rules Governing the Mediation</u>: In accord with Chapter Four of the Local Rules, the following requirements apply:

    (1) *Case Summaries*: At least three business days before the scheduled mediation, each party must deliver to the mediator and to opposing counsel a brief written summary of the facts and issues of the action. The mediator and the parties must treat each summary as a confidential communication and must not disclose the summary or the summary's content.

    (2) *Authority and Duties of the Mediator*. The mediator may confer privately with any counsel, an individual party, a corporate or municipal representative, or a claims professional for any proper purpose in the mediator's discretion. The mediation must continue until adjourned by the mediator. No participant may compel the early conclusion of a mediation because of travel or another engagement. The mediator is required to report within seven days after mediation the result of the mediation and whether all required persons attended. Only the mediator may declare an impasse or end the mediation. To co-ordinate the mediation, the mediator may set an abbreviated scheduling conference before the mediation.

    (3) *Attendance*: Absent leave of court, which is granted only in an extraordinary circumstance, each attorney acting as lead counsel, each party (or the designated representative with full authority to settle), and any necessary insurance carrier representative must attend the mediation in person. Any unexcused absence or departure from mediation is sanctionable.

  (4) *Structure*: In a complex or protracted case, or a case with many parties, the mediator is authorized to conduct the mediation in sequential sessions with fewer than all the parties present.

  (5) *Confidentiality*: The substance of the mediation is confidential and no party, lawyer, or other participant is bound by, may record, or without the judge's approval, may disclose any event, including any statement confirming or denying a fact — except settlement — that occurs during the mediation.

 (f) <u>Compensation of the Mediator</u>: Under the Local Rules, the parties must compensate the mediator at the mediator's prevailing hourly rate, which, unless otherwise agreed by counsel, the parties must bear equally and pay immediately after the mediation. When moving to tax other costs, the prevailing party may move to tax the mediator's compensation as a cost. The parties must comply with any reasonable cancellation policy established by the mediator.

 (g) <u>Objections</u>: A party waives as to this order any objection not asserted within ten days and in writing.

 ORDERED in Tampa, Florida, on May 18, 2021.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE OF FLORIDA,

    Plaintiff,

v.                                                   CASE NO. 8:21-cv-839-SDM-AAS

XAVIER BECERRA, et al.,

    Defendants.
_____/

## MEDIATION REPORT

In accord with the mediation order, a mediation occurred on _____, 20____.

(a)     The following individuals, parties, corporate representatives, and claims professionals attended and participated in the mediation, and each possessed the requisite settlement authority:

    ____ All individual parties and their respective trial counsel.

    ____ Designated corporate representatives.

    ____ Required claims professionals.

(b)     The following individuals, parties, corporate representatives, and claims professionals failed to appear or participate:

 (c) The result of the mediation:

  ____ <u>The action completely settled</u>. Lead counsel must notify the court of settlement within ten days of the mediation by filing a notice or memorandum of agreement signed by the parties and the mediator.

   Comments:

  ____ <u>The action partially resolved</u>. Lead counsel must file within ten days a joint stipulation resolving the settled claims. The following issues remain:

   Comments:

  ____ <u>The action neither settled nor failed to settle</u>.

   Comments:

_____   <u>The parties failed to settle</u>.

Comments:

Reported on _____, 20_____, in _____, Florida.

_____
Signature of Mediator

_____
Name (PRINTED) of Mediator

_____
_____
_____
_____
Mediator's Mailing Address and Telephone Number

Cc: Counsel of Record and
Unrepresented Parties