UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| STATE OF FLORIDA,<br><br>   Plaintiff<br><br>   v.<br><br>XAVIER BECERRA, Secretary of the Dep't of Health and Human Services, *et al.*,<br><br>   Defendants. | Case No. 8:21-cv-839-SDM-AAS |

**JOINT MOTION TO BE EXCUSED FROM REQUIREMENT THAT PARTIES WITH FULL SETTLEMENT AUTHORITY ATTEND MEDIATION**

  Plaintiff and Defendants respectfully request that they be excused from the requirement that parties with full settlement authority attend mediation. The mediation Order provides that, "Absent leave of court, which is granted only in an extraordinary circumstance, each attorney acting as lead counsel, each party (or the designated representative with full authority to settle), and any necessary insurance carrier representative must attend the mediation . . . ." ECF No. 51.

  Courts typically recognize that Government entities (like both Plaintiff and Defendants here) are in a special category when it comes to mediation because of the Government's need for centralized decision-making and because it is a party to a far greater number of cases on a nationwide basis than even the most litigious private entity. *See, e.g.*, *Mayfaire v. United States*, No. 18-CV-61643, 2019 WL 8810372, at *1

1

(S.D. Fla. Apr. 26, 2019) (*citing In re Stone*, 986 F.2d 898, 904 (5th Cir. 1993) (finding district court abused its discretion by requiring in-person attendance by ultimate decision-making authority for the Government)). And the advisory committee notes explain that a person with "on-the-spot settlement authority" should not be required at settlement conferences "in litigation in which governmental agencies or large amounts of money are involved." Fed. R. Civ. P. 16(c), advisory committee's note to 1993 amendment. Instead, "the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility." *Id*.

Here, it is not practicable for the parties to bring representatives with full settlement authority. The parties anticipate that counsel will attend the mediation, with the expectation that counsel are knowledgeable about the case and have authority to negotiate in good faith with the intention of recommending a settlement if appropriate to the responsible Government officials. If a settlement in principle is reached, additional formal approvals by appropriate officials will be needed for all parties.

Dated: May 19, 2021

Respectfully submitted,

BRIAN D. NETTER
Deputy Assistant Attorney General

ERIC BECKENHAUER
Assistant Branch Director
Federal Programs Branch, Civil Division

*s/ Amy E. Powell*
AMY ELIZABETH POWELL

Senior Trial Counsel
Federal Programs Branch
Civil Division, Department of Justice
150 Fayetteville St, Suite 2100
Raleigh, NC 27601
Phone: 919-856-4013
Email:  amy.powell@usdoj.gov

*/s/Liam C. Holland*
LIAM C. HOLLAND
Trial Attorney
Federal Programs Branch
Civil Division, Department of Justice
1100 L. Street, NW
Washington, DC 20530
Phone: 202-514-4964
Email: Liam.C.Holland@usdoj.gov

*Counsel for Defendants*

        Ashley Moody
        ATTORNEY GENERAL

        John Guard
        CHIEF DEPUTY ATTORNEY GENERAL

        */s/ James H. Percival*
        James H. Percival* (FBN 1016188)
        CHIEF DEPUTY SOLICITOR GENERAL
        *Lead Counsel

        Jason H. Hilborn (FBN 1008829)
        ASSISTANT SOLICITOR GENERAL

        Anita Patel (FBN 70214)
        SENIOR ASSISTANT ATTORNEY GENERAL

        Office of the Attorney General
        The Capitol, PL-01
        Tallahassee, Florida 32399-1050
        (850) 414-3300
        (850) 410-2672 (fax)
        james.percival@myfloridalegal.com
        jason.hilborn@myfloridalegal.com

      *Counsel for the State of Florida*