IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

| | |
|---|---|
| STATE OF FLORIDA,<br><br>   Plaintiff,<br><br>v.<br><br>XAVIER BECERRA, Secretary of Health and Human Services, in his official capacity; HEALTH AND HUMAN SERVICES; ROCHELLE WALENSKY, Director of Centers for Disease Control and Prevention, in her official capacity; CENTERS FOR DISEASE CONTROL AND PREVENTION; UNITED STATES OF AMERICA,<br><br>   Defendants. | Case No.: 8:21-cv-00839-SDM-AAS |

**UNOPPOSED MOTION TO REPLY TO DEFENDANT'S OBJECTION TO MOTION FOR LEAVE TO FILE A SUPPLEMENT BRIEF OF AMICUS CURIAE**

Marc Young, acting on his own behalf, and pursuant to Rule 3.01(d) of the Local Rules of the Middle District of Florida, respectfully moves for leave to file a six-page Reply in Support of his Motion for Leave to File a Supplement Brief of *Amicus Curiae* [Dkt 62] ("Motion for Leave to File a Supplement Brief of *Amicus Curiae*") in the above-captioned matter and, in support thereof, states as follows:

1

1. On May 3, Marc Young filed a similar request to file an *Amicus Curiae* Brief in this case, which on the date of this filing has received no action by this Court. Mr. Young's interests due to prior litigation are such that while intervention on his part could be justified, it was originally stated as not being sought in this suit. However, this was due to being able to address the issues in the *Amicus Curiae* type brief.

2. That litigation raised many of the same *ultra vires* claims as the current litigation with respect to the federal agency the defendants represent.

3. Mr. Young has an interest in the arguments and the outcome of this suit due to the potential precedent it may set for any litigation that may be refiled in his case. If a negative decision is reached that does not consider all the key issues, that decision could result in undue prejudice by the courts in ruling on his case if it is refiled at a later date.

4. Unlike the plaintiff and intervenors and other amici in this case, Mr. Young is an affected client of the cruise lines that are being restricted from sailing, although he can only represent his interest alone, as a non-attorney acting *Pro Se*, his interest reflect millions of other passengers whose cruises have been cancelled over the last year by the actions of the defendants.

5. Due to some recent development that have made some changes

to the original submissions in the original *amicus curiae* brief and in response to questions raised by the court at oral arguments at the preliminary injunction hearing on May 12, 2021, movant believes that the information provided could have bearing on the Florida request for injunctions and offered the attached amicus brief in support of both Florida's motion for preliminary and permanent injunctions.

6. While the Supplemental *Amicus Curiae* brief is considerably longer than the normal allowances based on appellate court rules, there are no local or federal rules of civil procedure at the District Court level, with all discretion left to the Court both as to the length and to its submission. Also, a District Court is not limited in its scope of review like an appellate court where decisions are made on the record and not the full evidence or considerations of a case like a District Court. The movant is of the belief that the material is important to the consideration of this case and is germane to its rulings and begs the Court's indulgence in its presentation to the Court.

7. In reply to objections by the defendants to the *amicus curiae* brief by the ASTA in this case [Dkt 50] "Leave to File Reply in Support for Motion of Leave to File Amicus Curiae Brief by… "], their counsel has made excellent arguments in their paragraphs [4] and [5] as to the discretion of the Court in this matter. For sake of brevity are not repeated

and as a non-attorney will ask that the Court rely on their clear meaning and cases cited.

    8.    The purpose for *amicus curiae* briefs is also to raise germane issues that neither of the parties have raised in a case. The amicus is not a party and does not have a seat at the table. Although the opportunity was offered to both parties, Plaintiff and Defendants, with a list of exhibits and the potential for the amicus to be a witness to address the issues raised in his brief, both parties to this suit declined the opportunity. The defendants in their opposition to the supplemental *Amicus Curiae* brief, argue there was no opportunity to argue these issues at oral arguments, yet the rejection of the opportunity for the amicus to appear, who was in the courtroom for the hearing, seems to be a matter of choice on the defendant's part.

When the Counsel for the Defendants was queried during a break as to why the issues the Amici had raised in his brief had not been addressed, the Counsel for the Defendants replied, "because it has not been raised." Thus, for issues crucial to the interpretation by the Court of what "other measures" mean, with respect to treaties, the Amici is the only one to raise them.

    9.    The primary defendant in this case, Xavier Becerra, while A.G. for California argued in his motion in Case 3:20-cv-009258 US District Court of Northern California, San Francisco the following:

4

"STANDARD FOR MOTION FOR LEAVE TO APPEAR AS *AMICI CURIAE*"

"District courts may consider amicus briefs from non-parties with unique information or perspectives that are useful or otherwise desirable to the court. See NGV Gaming, Ltd. v. Upstream Point Molate, LLC, 355 F. Supp. 2d. 1061, 1067 (N.D. Cal. 2005) (quoting Cobell v. Norton, 246 F. Supp. 2d. 59, 62 (D.D.C. 2003) and Ryan v. Commodity Futures Trading Comm'n, 125 F.3d 1062, 1064 (7th Cir. 1997)). "The 'classic role' of amicus curiae is to assist a court in a case of public interest by 'supplementing the efforts of counsel,' and "generally courts have 'exercised great liberality' in permitting amicus briefs." Cal. v. U.S. Dep't of the Interior, 381 F. Supp. 3d 1153, 1163–64 (N.D. Cal. 2019) (quoting Miller-Wohl Co. v. Comm'r of Labor & Indust., 694 F.2d 203, 204 (9th Cir. 1982); Woodfin Suite Hotels, LLC v. City of Emeryville, No. C 06-1254 SBA, 2007 WL 81911, at *3 (N.D. Cal. Jan. 9, 2007))."

"While there are no strict prerequisites to qualify for amicus status, "[d]istrict courts frequently welcome amicus briefs from non-parties . . . if the amicus has unique information or perspective that can help the court beyond the help that the lawyers from the parties are able to provide." Sonoma Falls Developers, L.L.C. v. Nev. Gold & Casinos, Inc., 272 F. Supp. 2d 919, 925 (N.D.Cal. 2003) (internal quotation marks and citation omitted). In addition, participation of amicus curiae may be appropriate where the legal issues in a case have potential ramifications beyond the parties directly involved. Id"[1]

10. Further in Cobell v. Norton, 246 F. Supp. 2d 59, 62-63 (D.D.C. 2003) quoting the Seventh Circuit in Ryan v. Commodity Futures Trading Comm'n, 125 F.3d 1062, 1064. "***An amicus brief should be allowed when a party*** *is not represented competently or* ***is not represented at all***, *when* ***the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case)***, ***or when the amicus has unique information or***

---

[1] Unopposed Motion for Leave to File Amicus Brief (3:20-cv-09258-JD) Dec. 29, 2020 [Dkt 23]

*perspective that can help the court beyond the help that the lawyers for the parties are able to provide.*"{emphasis added}

11. It should be noted that when the Amicus suggested to the Plaintiff's counsel that he might intervene, the Plaintiff counsel stated opposition to intervention but would take "no position" on an amicus curiae brief.

Therefore, based on the above, the Movant prays for the Court to allow for the Supplemental Amicus Curiae Brief to be entered into the record of this case and to help guide the decisions being made in the case.

## LOCAL RULE 3.01(g) CERTIFICATION

Marc Young has consulted with counsel for plaintiff and counsel for defendants, this motion to reply to the defendant's is unopposed although the counsel for the plaintiff takes "No Position" with respect to its submission.

DATED: May 25, 2021.

          MARC S. YOUNG, PE*
          PO Box 1693
          Sealy, Texas 77474
          979-877-0660
          713-417-6147
          marc.young.pe@gmail.com

<u>Pro Se</u>

*Licensed Chemical Engineer in Texas, Alaska, Arizona and Louisiana