UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| STATE OF FLORIDA,<br><br>      Plaintiff<br><br>      v.<br><br>XAVIER BECERRA, Secretary of the Dep't of Health and Human Services, *et al.*,<br><br>      Defendants. | Case No. 8:21-cv-839-SDM-AAS |

### MOTION FOR LEAVE TO FILE SHORT SUPPLEMENTAL BRIEF AND DECLARATION

In light of recent developments, Defendants request leave to file a supplemental memorandum (of no more than 5 pages) and short declaration in opposition to the pending motion (all to be filed within a day of leave being granted). Defendants do not oppose the filing of a response by Plaintiff of the same length.

Recent developments weigh heavily against a preliminary injunction for at least two reasons. First, Congress has ratified the Conditional Sailing Order ("CSO"), the agency action being challenged here. *See, e.g.*, *Thomas v. Network Sols., Inc.*, 176 F.3d 500, 506 (D.C. Cir. 1999) ("Congress 'has the power to ratify the acts which it might have authorized' in the first place."). The Alaska Tourism Restoration Act, signed into law on May 24, 2021, provides temporary standards for the operation of certain cruise ships in Alaska. *See* Pub. L. No. 117-14, 117th Cong.

1

(May 24, 2021) ("ATRA"). Prior to ATRA, the Passenger Vessel Services Act of 1886, Pub. L. No. 49-421 ("PVSA"), effectively prohibited a return to cruising in Alaska. The PVSA prohibits foreign flagged vessels (i.e., all cruise ships subject to the CSO in Alaska) from traveling between U.S. ports unless they make a stop at a foreign port. *See* 46 U.S.C. § 55103. To comply with this law, Alaskan cruise itineraries have typically included a stop at a Canadian port. But due to COVID-19, Canadian law currently bars "[c]ruise vessels carrying more than 100 people are . . . from operating in Canadian waters" until at least February 28, 2022. *See* Defs.' PI Ex. 11, ECF No. 46-11. Accordingly, the PVSA effectively prevented any cruising in Alaska until February 2022. The ATRA temporarily permits "covered cruise ships" to meet an alternative standard, where a "covered cruise ship" is defined as one that "has been issued, operates in accordance with, and retains a COVID–19 Conditional Sailing Certificate of the [CDC]" and "operates in accordance" with that Certificate. ATRA § 2(a), (b). ATRA further provides that it does not apply "during any period for which the Director of the [CDC] has issued an order under [42 U.S.C. §§ 264 and 268] that requires covered cruise ships to suspend vessel operations." *Id*. § 2(e).

  Defendants' supplemental brief will explain that ATRA ratifies the CSO. Congress presumed that the CSO was valid, and expressly incorporated it into the standards applied in ATRA. Congress has thus ratified the CDC's authority to issue the CSO, as well as the prior NSOs. This new issue merits additional briefing.

  Second, the proposed supplemental brief and declaration will address the impending resumption of cruising. The CDC has continued to update its guidance in

accordance with public health judgments and to provide technical assistance to the industry. Moreover, as of June 1, 2021, the CDC has approved port agreements covering 22 vessels at 5 ports of call (and is reviewing agreements for 6 additional vessels); has approved or provisionally approved 4 requests to conduct simulated voyages (with 6 more requests under review); and has received and provisionally approved 2 conditional sailing certificates for highly vaccinated cruises. In short, cruising is set to resume as planned, and Florida cannot establish an irreparable injury that would occur in the absence of an injunction. The speculative nature of the State's "injury" is therefore further underlined by the fact that an injunction would (a) end cruising in Alaska for the season (because ATRA only benefits ships operating with a Conditional Sailing Certificate under the CSO); (b) cast considerable doubt on public confidence in the industry, particularly in the State of Florida, which is publicly battling with the industry over its own laws;[1] and (c) otherwise undermine the carefully laid plans for safe resumption of passenger operations. These updates therefore merit inclusion in the record.

## Local Rule 3.01(g) Certification

Undersigned counsel conferred with counsel for the State of Florida by email on June 1, 2021. Plaintiff's counsel indicated that Plaintiff partially opposes this motion and will file a response.

Dated: June 2, 2021                        Respectfully submitted,

---

[1] *See* "Cruise lines and Florida Gov. DeSantis square off over vaccine passports", NBC News (May 31, 2021), https://www.nbcnews.com/politics/2020-election/cruise-lines-florida-gov-desantis-square-over-vaccine-passports-n1269029 (last visited June 1, 2021).

BRIAN D. NETTER
Deputy Assistant Attorney General

ERIC BECKENHAUER
Assistant Branch Director
Federal Programs Branch, Civil Division

*s/ Amy E. Powell*
AMY ELIZABETH POWELL
Senior Trial Counsel
Federal Programs Branch
Civil Division, Department of Justice
150 Fayetteville St, Suite 2100
Raleigh, NC 27601
Phone: 919-856-4013
Email:  amy.powell@usdoj.gov

*/s/ Liam C. Holland*
LIAM C. HOLLAND
Trial Attorney
Federal Programs Branch
Civil Division, Department of Justice
1100 L. Street, NW
Washington, DC 20530
Phone: 202-514-4964
Email: Liam.C.Holland@usdoj.gov

*Counsel for Defendants*