UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE OF FLORIDA,

    Plaintiff,

v.                                                       CASE NO. 8:21-cv-839-T-23AAS

XAVIER BECERRA, et al.,

    Defendants.
_____/

## **ORDER**

    CDC moves (Doc. 96) for a stay pending appeal from a preliminary injunction (Doc. 91). CDC designates the motion "time-sensitive." Assuming either Florida or CDC will move immediately in the Eleventh Circuit for a review of this order and to offer the most time — before the preliminary injunction becomes effective on July 18, 2021 — for the parties to brief and for the Eleventh Circuit to resolve the forthcoming motion, this order promptly addresses CDC's present motion.

    With some marginal elaboration and a new affidavit not otherwise in the record, CDC in the present motion rehearses the arguments advanced unsuccessfully in opposition to Florida's motion for a preliminary injunction. CDC's arguments remain unpersuasive. CDC remains dismissive of the requirements of the Administrative Procedure Act, remains dismissive of the manifest disjunction between the statute granting CDC authority and the authority CDC purports to

exercise over the cruise industry, remains dismissive of state and local health regulation and dismissive of the cruise industry's self-regulation (that resulted in a voluntary cessation of cruise ship operation when COVID-19 appeared in early 2020), remains dismissive of successful cruise ship operation elsewhere in the world, and surprisingly remains studiedly dismissive of the opportunity, afforded in the preliminary injunction, for CDC to propose an alternative injunction that preserves any part of CDC's cruise ship regulations within CDC's statutory grant of authority and justified by reliable data (that is, data that CDC will disclose, unlike the undisclosed CDC data that speculates about the effect of COVID-19 aboard a cruise ship and on which CDC relies to impose the disputed regulatory regime).

In this instance, CDC's argument fails for the reasons elaborated in the preliminary injunction to show a likelihood of success on appeal, and CDC fails to demonstrate that denial of the stay will injure materially CDC or the United States, any third party, or the public.  Although CDC invariably garnishes the argument with dire prospects of "transmission" of COVID-19 aboard a cruise vessel, these dark allusions dismiss state and local health authorities, the industry's self-regulation, and the thorough and costly preparations and accommodations by all concerned to avoid "transmission" and to confine and control the "transmission," if one occurs.  In other words, CDC can show no factor that outweighs the need to conclude an unwarranted and unprecedented exercise of governmental power.  More to the point, this action is not about what health precautions against COVID-19 are necessary or

helpful aboard a cruise ship; this action is about the use and misuse of governmental power.

The preliminary injunction finds that in the present scheme regulating the cruise ship industry CDC has acted athwart the Administrative Procedure Act and exercised authority not granted to CDC by statute. CDC's motion (Doc. 96) for a stay — a stay that would serve to extend the unwarranted, unprecedented, and injurious exercise of governmental power by one person, the Director of CDC — is **DENIED**.

ORDERED in Tampa, Florida, on July 7, 2021.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE