UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE OF FLORIDA,

   *Plaintiff*,

   v.                                        Case No. 8:21-cv-839-SDM-AAS

BECERRA, *et al.*,

   *Defendants*.

_____

**FLORIDA'S EMERGENCY MOTION TO
<u>ENFORCE THE PRELIMINARY INJUNCTION</u>**

Pursuant to Local Rule 3.01, Federal Rule of Civil Procedure 65, and this Court's "inherent power to punish contempt," *United States v. Griffin*, 84 F.3d 820, 828 (7th Cir. 1996) (collecting cases), Florida moves to enforce this Court's preliminary injunction. This request is designated as an emergency because, as detailed below, Defendants' violation of this Court's injunction purports to demand compliance by the cruise industry within the next two days. Florida requests a ruling as soon as possible.

This Court first entered its preliminary injunction on June 18, 2021. Dkt. 91. Yesterday evening, July 23, the injunction went into effect. Dkt. 107. Despite its pattern of delay throughout this case, Defendant the CDC, within hours, sent a "dear colleague letter" to cruise ship operators departing from Florida. Ex. 1. The letter asks each operator to confirm whether it will continue

1

to follow the Conditional Sailing Order on a "voluntary basis." *Id.* It then states that, if any ship refuses to do so, that ship—unlike ships that do agree to comply on a voluntary basis—will be subject to additional requirements, including requirements imposed pursuant to 42 U.S.C. § 264, the same statute at issue in this case. Ex. 1.

Importantly, the letter purports to create a deadline of Monday, July 26 at 5 pm to respond. *Id.* If a ship does not respond by then, the CDC will treat the ship "as choosing to not follow the CSO's provisions on a voluntary basis." *Id*

The CDC's attempt to coerce the cruise industry to comply with the now enjoined Conditional Sailing Order violates this Court's injunction for at least two reasons.

*First*, the federal government cannot avoid injunctions issued by federal courts by claiming the enjoined requirements are now "voluntary," and then threatening new government enforcement against those who refuse to "voluntarily" comply, but not those who agree to voluntarily comply. To hold otherwise would provide a roadmap for the executive branch—in all or nearly all cases—to avoid the checks and balances provided by the judiciary, a central feature of our constitutional republic.

*Second*, even if the Court finds that the CDC is not violating the text of the injunction, the CDC cannot evade liability for "civil contempt because the

2

plan or scheme which they adopted was not specifically enjoined. Such a rule would give tremendous impetus to the program of experimentation with disobedience of the law." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 192 (1949).

For these reasons, Florida asks this Court for an order clarifying that the CDC's letter violates this Court's injunction and a show cause order asking Defendants to explain why they should not be held in contempt. Given the arbitrary deadline the CDC has imposed on the cruise industry, Florida asks that the Court require a response from Defendants within 24 hours.

>Respectfully submitted,
>
>Ashley Moody
>ATTORNEY GENERAL
>
>John Guard
>CHIEF DEPUTY ATTORNEY GENERAL
>
>*/s/ James H. Percival*
>James H. Percival* (FBN 1016188)
>DEPUTY ATTORNEY GENERAL
>*Lead Counsel
>
>Jason H. Hilborn (FBN 1008829)
>ASSISTANT SOLICITOR GENERAL
>
>Anita Patel (FBN 70214)
>SENIOR ASSISTANT ATTORNEY GENERAL
>
>Office of the Attorney General
>The Capitol, PL-01
>Tallahassee, Florida 32399-1050
>(850) 414-3300
>(850) 410-2672 (fax)
>james.percival@myfloridalegal.com
>jason.hilborn@myfloridalegal.com
>
>*Counsel for the State of Florida*

July 24, 2021

## Local Rule 3.01(g) Certification

Immediately after becoming aware of the dear colleague letter, counsel for Florida, at 9 am this morning, contacted counsel for Defendants. Counsel did not make themselves available until 12 pm, at which time they stated that (1) rescission of the letter was off the table; and (2) they needed time to consult

with their clients. Florida's view is that the letter—which treats cruise ships that comply with the enjoined Order differently from those that do not—must be rescinded in its entirety because any act by the CDC attaching consequences to the failure to comply with the Order violates this Court's injunction. Given Defendants' ongoing violation of this Court's injunction and the arbitrary deadline they imposed on the cruise industry, Florida was unwilling to further delay this filing, which does not seek an immediate order finding Defendants in contempt, but only a show cause order.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of July, 2021, a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which provides notice to all parties.

/s/ *James H. Percival*
James H. Percival
