UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE OF FLORIDA,

    Plaintiff,

v.                                                    CASE NO. 8:21-cv-839-T-23AAS

XAVIER BECERRA, et al.,

    Defendants.
_____/

## ORDER

A June 18, 2021 order preliminarily enjoins CDC "from enforcing against a cruise ship arriving in, within, or departing from a port in Florida the conditional sailing order and the later measures (technical guidelines, manuals, and the like)," but the order temporarily stayed the injunction until July 18, 2021. (Doc. 91 at 123) After a July 7, 2021 order denied CDC's motion (Doc. 96) for a stay pending appeal from the preliminary injunction, CDC appealed to the Eleventh Circuit and moved in the circuit court for a stay pending appeal.

On July 17, 2021, an Eleventh Circuit panel issued the following order:

> Before the Court is Appellants' "Time-Sensitive Motion for Stay Pending Appeal and Administrative Stay." The motion is GRANTED, as Appellants have made the requisite showing. *See Nken v. Holder*, 556 U.S. 418, 434 (2009). One judge dissents; opinions will follow.

On July 23, 2021, the panel vacated the July 17, 2021 order and substituted the following order:

> The appellants' "Time-Sensitive Motion for Stay Pending Appeal and Administrative Stay" is DENIED because appellants failed to demonstrate an entitlement to a stay pending appeal. *See Nken v. Holder*, 556 U.S. 418, 434 (2009).

Within hours after the Eleventh Circuit's July 23, 2021 order, CDC issued (Doc. 108-1) a "Dear Colleague Letter" to the cruise industry. Among other things, the letter "requests" cruise ship operators "to inform the CDC Maritime Unit of any ships operating out of Florida ports that will continue to follow all of the CSO's provisions on a voluntary basis." (Doc. 108-1 at 1) CDC's "request" includes a deadline of "**5:00 PM EDT on July 26, 2021**." (Doc. 108-1 at 1) (CDC's emphasis).

For a ship operator deciding not to notify CDC of voluntary compliance with the conditional sailing order, CDC's letter (Doc. 108-1 at 1) states that, effective immediately, (1) the ship operator must report to a quarantine station an on-board episode of illness or death; (2) the ship operator must comply with the inspection and sanitary measures in 42 C.F.R. §§ 71.31 and 71.32; (3) CDC will designate the ship operator as "gray" (meaning CDC cannot confirm that the ship operator's health protocols align with CDC's COVID-19 standards); and (4) CDC will begin enforcing

CDC's "Mask Order" for anyone in the outdoor area of a public transportation conveyance (such as the open-air area of a cruise ship).[1]

In response to CDC's Dear Colleague Letter, Florida submits (Doc. 108) an emergency motion to enforce the preliminary injunction. Florida objects both (1) to CDC's imposing a requirement that the cruise industry must respond in only one business day to CDC's Dear Colleague Letter and (2) to CDC's regarding as non-compliant a ship operator that fails to timely confirm to CDC that the ship operator will voluntarily follow the enjoined conditional sailing order. Also, Florida argues that CDC's letter constitutes an "attempt to coerce the cruise industry to comply with the now enjoined Conditional Sailing Order." (Doc. 108 at 2)

Florida argues that CDC's Dear Colleague Letter violates the injunction for two reasons. First, Florida asserts that CDC threatens "new government enforcement" against those who refuse to comply voluntarily with the conditional sailing order. Second, Florida argues that even though CDC's Dear Colleague Letter might not expressly violate the injunction, the effect of the letter contravenes the intended effect of the injunction.

Opposing (Doc. 112) Florida's motion, CDC denies that the injunction prohibits CDC's requesting a ship operator to notify CDC immediately if the

---

[1] Florida submits (Doc. 109) a notice explaining that CDC's counsel reports that "CDC now intends to send a follow up letter stating that CDC is continuing to evaluate the public health situation, and currently will continue to exercise enforcement discretion on the mask mandate as applied to cruise ships, while that evaluation continues." CDC's response confirms CDC's decision to rescind enforcement of the "Mask Order" outdoors. (Doc. 112-1)

operator will voluntarily comply with the conditional sailing order. In fact, according to CDC, "the Court specifically contemplated that ships might wish to voluntarily comply with the CSO, and did not even hint that it was enjoining other regulations cited here." (Doc. 112 at 9) Further, CDC argues that CDC's Dear Colleague Letter merely reminds ship operators of CDC's continuing authority to implement the longstanding regulations identified in CDC's letter. And according to CDC, "Florida acknowledged the validity of these regulations in its preliminary injunction motion." (Doc. 112 at 8) Therefore, CDC argues that Florida's motion is "baseless."

Although the injunction prohibits CDC's enforcing against the identified ships and ship operators a regulation, policy, or the like that exceeds CDC's statutory authority, Florida's motion seems, especially in light of assurances offered by CDC's counsel at today's hearing, to anticipate a violation that has not occurred and that might not occur. For a time, the disposition of Florida's motion is **DEFERRED**. When and if necessary, Florida may renew and supplement the motion, including with additional documentation and affidavits, if CDC either by means of CDC's Dear Colleague letter, as clarified, or by means of any other agency action violates the injunction, including a violation effected by any pattern of vexatious, harassing, coercive, discriminatory, bad faith, or retaliatory conduct that amounts in effect to CDC's undertaking to enforce a matter that CDC is enjoined from enforcing or undertaking to punish, harass, or retaliate against a ship operator for not voluntarily

complying with the conditional sailing order, the Dear Colleague Letter, or a later message from CDC directed to a similar end.

ORDERED in Tampa, Florida, on July 26, 2021.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE