UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE OF FLORIDA,

     Plaintiff,

v.                                                                    CASE NO. 8:21-cv-839-SDM-AAS

XAVIER BECERRA, et al.,

     Defendants.

_____/

## **ORDER**

Reporting that CDC's conditional sailing order visited "a profound effect" on the state's economy, including reduced tax revenue and injury to "vital" industry, Texas moves (Doc. 26) under Rules 24(a)(2) and 24(b)(1)(B), Federal Rules of Civil Procedure, to intervene as a plaintiff challenging the conditional sailing order. Texas's motion is ripe for determination.

"Any party, whether original or intervening, that seeks relief from a federal court must have standing to pursue its claims." *Dillard v. Chilton Cty. Comm'n*, 495 F.3d 1324, 1330 (11th Cir. 2007). But because Florida establishes standing to challenge CDC's conditional sailing order, Texas may intervene without establishing independent standing to pursue a similar challenge to the lawfulness of the conditional sailing order. *Dillard,* 495 F. 3d at 1330 ("Intervenors in this circuit may in some cases be permitted to 'piggyback' upon the standing of original parties.").

Even if Texas cannot rely on Florida's standing, Texas independently

establishes each element of standing.  *Lujan v. Defenders of Wildlife,* 504 U.S. 555,

560–61 (1992).  Like Florida, Texas establishes standing by alleging direct financial

injuries, including increased unemployment spending, loss of port revenue, loss

of tax revenue attributable to the shutdown of the cruise industry in Texas, and

damage to Texas's oil and gas industry, the benefits of which insinuate themselves

pervasively into Texas's economy.  (Doc. 26-1 at 65–66; 80; 107;119–124; 128)  In

short, Texas alleges an injury to "proprietary" and "sovereign" interests.  *Chiles v.*

*Thornburgh*, 865 F.2d 1197, 1208 (11th Cir. 1989).  For the reasons described in the

order resolving Florida's motion for a preliminary injunction, Texas establishes

standing by persuasively showing that Texas suffers an immediate danger of a

continuing injury fairly traceable to the conditional sailing order and redressable if

an order enjoins all or part of the conditional sailing order as applied to cruises

sailing to and from Texas.[1]  (Doc. 91 at 13–25)

---

[1] Unlike Florida, Texas appears to assert a *parens patriae* interest. (Doc. 26 at 11–12) *Alfred L. Snapp & Son, Inc. v. Puerto Rico, ex rel., Barez*, 458 U.S. 592, 607 (1982), holds that a state "has a quasi-sovereign interest in the health and well-being — both physical and economic — of its residents in general." By alleging that Texas's economy has lost more than $1.2 billion and 23,000 jobs since the cruise industry shutdown (Doc. 26 at 6), Texas appears likely to establish a sufficient economic injury as long as cruises cannot sail. *Massachusetts v. Mellon*, 262 U.S. 447, 485–486 (1923) (implying that a state may sue the federal government in a *parens patriae* capacity "to protect its citizens against any form of enforcement of unconstitutional acts."); *Alabama v. U.S. Army Corps of Eng'rs,* 424 F.3d 1117,1130 (11th Cir. 2005)*; Chiles*, 865 F.2d at 1209; *Texas v. United States*, 809 F.3d 134, 150 (5th Cir. 2015); *Texas v. United States*, 328 F. Supp. 3d 662 (S.D. Tex. 2018).

Under Rule 24(a)(2), Texas can intervene by right if (1) Texas timely moves to intervene; (2) Texas claims an "interest relating to the property or transaction that is the subject of the action"; (3) Texas "is so situated that the disposition of the action, as a practical matter, may impede or impair [Texas's] ability to protect that interest"; and (4) Florida will not "adequately represent" Texas's interest. *Sierra Club, Inc. v. Leavitt*, 488 F.3d 904, 910 (11th Cir. 2007) (citing *ManaSota–88, Inc. v. Tidwell*, 896 F.2d 1318, 1321 (11th Cir.1990)). Although admitting that Texas timely moves to intervene, CDC argues that Texas fails to satisfy the remaining three conditions to intervene by right. (Doc. 57 at 15)

CDC's argument misses the mark. First, Texas asserts a "legally protectable interest" beyond an economic interest and "one which [ ] substantive law recognizes" as belonging to Texas. *Mt. Hawley Ins. Co. v. Sandy Lake Properties*, Inc., 425 F.3d 1308, 1311 (11th Cir. 2005). Like Florida, Texas challenges the conditional sailing order as exceeding CDC's statutory and regulatory authority under Section 264(a), Public Health Service Act. *Chiles*, 865 F.2d at 1214; 7C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC: CIV. 3d § 1908.1 at 336 ("[I]n cases challenging various statutory schemes as unconstitutional or as improperly interpreted and applied, the courts have recognized that the interests of those who are governed by those schemes are sufficient to support intervention."). As the order resolving Florida's motion for a preliminary injunction explains, the applicable sections of the Public Health Service Act anticipate a state's sovereign and

- 3 -

proprietary interests in this action.  (Doc. 91 at 24–25)  By impeding commerce,

encumbering or destroying property, or restricting or forbidding the movement of

persons, measures promulgated by CDC under Section 264(a) necessarily damage

Texas, which claims a "direct, substantial, and legally protectable" sovereign and

proprietary interest in avoiding future damage resulting from the conditional sailing

order.  *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452 (5th Cir.

1984) (explaining that statutory standing's "zone-of-interest analysis" can bear on the

interest necessary to intervene).

Second, disposition of this action might impair Texas's ability to timely

protect the state's sovereign and proprietary interests.  *Brumfield v. Dodd*, 749 F.3d

399, 344–345 (5th Cir. 2014) (finding that a movant need not "establish that their

interests will be impaired.  Rather they must demonstrate only that the disposition of

the action 'may' impair or impede their ability to protect their interests.").  Because

Texas challenges the lawfulness of the conditional sailing order, which purports to

apply generally, an adverse final determination interpreting the conditional sailing

order threatens to create precedent that might impair Texas's ability to mitigate its

damages, which increase daily.  *Chiles*, 865 F.2d at 1214.  By jeopardizing Texas's

summer cruise season — already half complete — the conditional sailing order

amplifies the effect on Texas of an adverse determination and creates urgency for

Texas to protect the state's sovereign and proprietary interests.  *Stone v. First Union*

*Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004).  Full participation in this action offers

Texas a singular and efficient mechanism to litigate legal and factual issues affecting the cruise industry. *Cascade Natural Gas Corp. v. El Paso Natural Gas Corp.*, 386 U.S. 129, 134, n.3 (1967) ("If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.").

Finally, Florida does not "adequately represent" Texas's sovereign and proprietary interests. The order resolving Florida's motion for a preliminary injunction enjoins CDC from enforcing the conditional sailing order against a cruise ship arriving in, within, or departing from a port in Florida only. (Doc. 91 at 123) Further, the conditional sailing order invokes 42 C.F.R. § 70.2, which obligates the CDC director before regulating a ship from a state to determine "that the measures taken by health authorities of any State . . . are insufficient to prevent the spread of any of the communicable diseases[.]." Because Texas's "measures" necessarily differ from Florida's, only Texas can contest whether CDC correctly determined — or determined at all — that Texas's local measures are "inadequate." (Doc. 26 at 14) And because the effect (including the purported demand for fuel produced in Texas) on Texas of a prohibition or restriction of sailing is to some extent different from the effect on Florida, an action by only Florida cannot thoroughly and precisely protect the interests of Texas. (Doc. 26 at 14) *Clark v. Putnam Cty.*, 168 F.3d 458, 461 (11th Cir. 1999) ("[Rule 24(a)(2)] is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be

treated as minimal.") (citation omitted).  Texas meets Rule 24(a)(2)'s four requirements.

But even if unqualified to intervene by right, Texas presents sovereign and proprietary interests that favor strongly a discretionary grant of intervention under Rule 24(b)(1)(B).  *United States v. Dallas Cty. Comm'n, Dallas Cty., Ala.*, 850 F.2d 1433, 1443 (11th Cir. 1988) ("The decision whether to allow permissive intervention is committed to the sound discretion of the district court."); *Alabama v. U.S. Army Corps of Engineers*, 229 F.R.D. 669, 675 (N.D. Ala. 2005) (Bowdre, J.) (granting permissive intervention because the movants "have real economic stakes in the outcome and that the likelihood of future harm to their interest is significant.").  Texas timely moved to intervene and asserts claims that share with the present action an array of "common questions of law or fact," including, among other similarities, whether the conditional sailing order exceeds CDC's statutory and regulatory authority, whether CDC acted arbitrarily and capriciously in issuing the conditional sailing order, and whether CDC failed to conduct proper notice and comment.  *League of Women Voters of Fla. v. Detzner*, 283 F.R.D. 687, 688 (N.D. Fla. 2012) (Hinkle, J.) (evaluating whether a movant would contribute to, rather than impede, the "reasoned determination" of an action).  Nothing supports finding that Texas's intervention will unduly delay or prejudice the adjudication of the parties' rights.

*Georgia v. United States Army Corps of Engineer's*, 302 F.3d 1242, 1250 (11th Cir. 2002).

Texas's motion (Doc. 26) is **GRANTED**.

ORDERED in Tampa, Florida, on July 29, 2021.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE